**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALFRED POWERS; HERBERT WONG;
ALFRED OVERLEY; CHRISTINE
OVERLEY; RITA PEDRO; JENNIFER
PEDRO; BETTY ROSS; JOHN ROSS;
TODD SHEW; JOY SHEW; DENISE J.
TREMBLAY; BRADFORD J. STASSEL;
MICHAEL MAGNES; BRENDA
MAGNES; DAVID GROSS; BEN KERR;
DELORES KERR; VERONICA HUDSON;
MICHAEL STULTZ; CAROL STULTZ;
HARRIET JANE BUTTS; MYRON
WEISS; BARRY SPECTOR; KAREN
SPECTOR; WILLIAM E. WARDLAW;
DANIEL WARDLAW; TAMMY D.
WARDLAW; BRUNA WARDLAW;
DANIELLE ELLIOTT; HELEN
DIMITRIOU; FRANK SCOPELITTA;
CAROL SCOPELITTA; JOSHUA HIGBEE;
SARAH HIGBEE; MILAN LINJAK;
MILICA LINJAK; DONALD WARDLAW;
JANET WARDLAW; ANDREA BLUM;
SIGURD D. MEDHUS; EVE L.
BONNER; ANTHONY A. SBAROUNIS;
JONATHAN PALMER; NINA PALMER,
                    *Plaintiffs-Appellants,*

                    v.

No. 04-56084

D.C. No.
CV-04-00398-ER

OPINION

WELLS FARGO BANK NA; WELLS
FARGO & COMPANY; MARY E.
OSAKI; MARTY A. MUNESATO;
DAVID DAGGET; KIRK BRAUN; ROSSI
RUSSELL; JAMES OSAKI; LOREN
WONG; ALVIS VEACH; MATTHEW L.
FRAGNER,
              *Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of California
Edward Rafeedie, District Judge, Presiding

Submitted February 7, 2006*
Pasadena, California

Filed March 3, 2006

Before: David R. Thompson and Thomas G. Nelson,
Senior Circuit Judges, and Ronald M. Gould, Circuit Judge.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2).

**COUNSEL**

John R. Schiro, Studio City, California, for plaintiffs-appellants Alfred Powers, et al.

Randall J. Clement, Sheppard, Mullin, Richter & Hampton LLP, Costa Mesa, California, for defendant-appellee Wells Fargo Bank, N.A.

John W. Sheller, Hinshaw & Culbertson LLP, Los Angeles, California, for defendant-appellee Rossi Russell.

Daniel J. Goodkin, Van Etten, Suzumoto & Beckett LLP, Santa Monica, California, for defendant-appellee Matthew L. Fragner.

**OPINION**

GOULD, Circuit Judge:

In *Howard v. America Online Inc.*, 208 F.3d 741 (9th Cir. 2000), we held that a federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-63, claim alleging securities fraud, presented in a class action, was barred by 18 U.S.C. § 1964(c), which provides that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of [RICO]." *Howard*, 208 F.3d at 749. Here, we consider whether § 1964(c) bars private securities fraud claims that are presented by individual claims rather than in a class action. We hold that the preclusive effect of § 1964(c) applies to claims asserted individually as well as to claims presented in a class action.

Plaintiffs-Appellants Alfred Powers et al. (Powers) filed suit against Defendants-Appellees Wells Fargo Bank, N.A. et al. (Defendants), alleging causes of action under RICO and state law. Powers alleges that Defendants defrauded Plaintiffs of millions of dollars through a Ponzi scheme, the details of which we described in a prior opinion. *See SEC v. J.T. Wallenbrock & Assocs.*, 313 F.3d 532, 535-36 (9th Cir. 2002). The district court held, based on § 1964(c) and *Howard*, that it did not have jurisdiction to consider the RICO claim, and declined to exercise jurisdiction over the supplemental state law claims.[1]

**[1]** On appeal, Powers argues that the Ponzi scheme did not involve the purchase or sale of securities. This argument is squarely foreclosed by *J.T. Wallenbrock & Associates*, in which we held that the notes issued as part of the same Ponzi

---

[1]We review dismissals for lack of subject matter jurisdiction de novo. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000).

scheme at issue here are "securities regulated by the Securities Acts." *Id.* at 535, 539-41.

**[2]** Powers also argues that *Howard* is inapplicable because *Howard* was a class action, and that Congress intended § 1964(c) to apply only to bar class actions. We reject Powers's argument.

Title 18 U.S.C. § 1964(c) provides, in relevant part:

> [N]o person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud . . . .

Nothing in the text of § 1964(c) suggests that it prohibits only class actions. To the contrary, § 1964(c) is written broadly to state that "*no* person may rely upon *any* conduct . . . ." *Id.* (emphasis added). To hold, as Powers contends, that § 1964(c) prohibits only class actions, we would have to declare that the legislative history of the Private Securities Litigation Reform Act of 1995 (PSLRA), Pub. L. No. 104-67, § 107, 109 Stat. 737, 758 (1995), which amended § 1964(c) to add the language at issue here, trumps the plain text of the statute. Powers's argument fails because legislative history, even when clear, may not overcome or displace the textual mandate of a statute.

**[3]** Even were we to assume that the legislative history demonstrates that Congress intended § 1964(c) to be limited to class actions,[2] we have held that "[l]egislative history can-

---

[2] We are skeptical that Congress intended § 1964(c) to prohibit only class actions. The legislative history indicates that Congress was concerned about RICO class action suits alleging securities fraud violations.

not trump the statute." *Bonneville Power Admin. v. FERC*, 422 F.3d 908, 920 (9th Cir. 2005); *Am. Rivers v. FERC*, 201 F.3d 1186, 1204 (9th Cir. 2000) ("[T]his Court steadfastly abides by the principle that 'legislative history—no matter how clear—can't override statutory text.' ") (quoting *Hearn v. Western Conference of Teamsters Pension Trust Fund*, 68 F.3d 301 (9th Cir. 1995)). Basing our decision on the unambiguous text of the statute, we hold that § 1964(c) bars RICO actions alleging securities fraud, even when such actions are not class actions.

**[4]** This ends our inquiry as to the claims against most of the defendants. However, on August 8, 2005, Powers filed a request for us to take judicial notice of the conviction of defendants Marty A. Munesato and Larry Toshio Osaki in connection with the Ponzi scheme at issue here. That request is granted. Section 1964(c) states that the prohibition against RICO claims alleging securities fraud "does not apply to an action against any person that is criminally convicted in connection with the fraud . . . ." We vacate and remand the district court's decision on the federal and state law claims against defendant Marty A. Munesato[3] for it to determine whether, in light of his conviction, the federal RICO claims against him can go forward, and whether the court will exercise supplemental jurisdiction on state law claims against Munesato. However, § 1964(c) by its terms only permits RICO claims against a defendant convicted in connection with the securities fraud. Section 1964(c) does not permit

But the history does not indicate that Congress was concerned solely with RICO class actions, to the exclusion of other suits asserting RICO claims. Congress did not say that § 1964(c) only applies to class actions; just that preventing class action suits asserting RICO claims that should have been presented as securities claims was a goal of the PSLRA. *See* S. Rep. No. 104-98, at 8-10 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 687-89.

[3]Although Larry Toshio Osaki was named as a defendant in the complaint, he is not a party to this appeal, and we express no opinion on the effect that his conviction may have in this action.

RICO claims against all defendants involved in a fraud merely because one or more of them is convicted. That proceedings may continue against convicted defendant Munesato does not alter our holding that the dismissal of RICO claims against other defendants not so convicted, and the district court's dismissal of state law claims against such other defendants, should be affirmed.

**AFFIRMED**, with costs to Appellees, as to the claims against Wells Fargo Bank, N.A., Wells Fargo & Co., Mary E. Osaki, David Daggett, Kirk Braun, Rossi Russell, James Osaki, Loren Wong, Alvis Veach, and Matthew L. Fragner, and **VACATED AND REMANDED**, with costs to Appellants, as to the claims against Marty A. Munesato.