NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHANIE DELZER, on her own and on behalf of her minor children C.O.D.1 and C.O.D.2; C.O.D.1; C.O.D.2,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security, in her official capacity, and her employees, agents and successors in office,<br><br>Defendant-Appellee. | No.  16-56203<br><br>D.C. No. 8:12-cv-00094-GW-MRW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California, Santa Ana
George W. Wu, District Judge, Presiding

Argued and submitted December 7, 2017
Resubmitted May 14, 2018
Pasadena, California

Before:  CALLAHAN, BEA, and KELLY,** Circuit Judges.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Paul J. Kelly, Jr., Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiffs Stephanie Delzer ("Ms. Delzer") and her two children, C.O.D.1 and C.O.D.2 (collectively, "Plaintiffs"), appeal from the district court's affirmance of the Social Security Administration's ("SSA") denial of social security benefits. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

In April 1999, Owen Delzer ("Mr. Delzer")—Ms. Delzer's late husband and the biological father of C.O.D.1 and C.O.D.2—was diagnosed with terminal cancer. He died on July 20, 1999, just four months later. On February 16, 2001, Mr. Delzer's previously cryopreserved sperm was used to fertilize eggs from Ms. Delzer. The resulting embryos[1] were implanted in Ms. Delzer on February 19, 2001, and resulted in the twin pregnancy and birth of C.O.D.1 and C.O.D.2. Plaintiffs claimed social security insurance benefits[2] based on the wage earnings of Mr. Delzer. After a hearing, an administrative law judge ("ALJ") determined that Plaintiffs failed to establish that C.O.D.1 and C.O.D.2 were children of Mr. Delzer for purposes of the Social Security Act (the "Act"), 42 U.S.C. § 402(d)(1).

---

[1] An embryo is "an unborn human from conception until the development of organs." EMBRYO, Black's Law Dictionary (10th ed. 2014); *see also* EMBRYO, Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/embryo (last visited May 7, 2018) (defining "embryo" as "the developing human individual from the time of implantation to the end of the eighth week after conception").

[2] The Social Security Act provides for financial benefits for a child who was dependent upon an individual wage-earner entitled to benefits under the statute at the time of that individual wage-earner's death. 42 U.S.C. § 402(d).

Pursuant to 42 U.S.C. § 405,[3] Plaintiffs sought review of the ALJ's decision in the Central District of California. On June 21, 2016, the district court accepted the findings and recommendations of the magistrate judge and entered judgment for the SSA. This timely appeal followed.

We review de novo a district court's judgment upholding the denial of social security benefits. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). To be entitled to child's insurance benefits under the Social Security Act, a claimant must prove that he or she is the "child" of the insured decedent. 42 U.S.C. § 402(d)(1). A claimant is a "child" of the decedent, for purposes of the Act, if the claimant would qualify to inherit from the decedent under the intestacy laws of the state in which the decedent was domiciled at the time of his death (here, California). *Id.* § 416(h)(2)(A). The California Probate Code specifically addresses posthumously conceived children: Under Section 249.5, "a child of the decedent conceived and born after the death of the decedent shall be deemed to have been born in the lifetime of the decedent if the child or his or her representative proves by clear and convincing evidence that," *inter alia*, "[t]he decedent, in writing, specifies that his or her genetic material shall be used for the

---

[3] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405.

posthumous conception of a child of the decedent" and the "specification [is] signed by the decedent and dated." Cal. Prob. Code § 249.5.

Plaintiffs have failed to satisfy Section 249.5. They have submitted no signed writing that proves "by clear and convincing evidence" that Mr. Delzer consented to the posthumous use of his frozen sperm to conceive children after his death. The only signed writings in the record that plausibly "specify" that Mr. Delzer intended for any of his genetic material to be used to conceive children after his death are cryopreservation consent forms that recite instructions only as to the disposition of certain *embryos* created during Mr. Delzer's lifetime. Under California law, these forms do not constitute consent to the posthumous use of Mr. Delzer's *sperm* or of his genetic material generally. Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible."); *id.* at § 1648 ("However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract."). Furthermore, even if these forms were somehow ambiguous, the interpretive canon of *expressio unius* would militate against concluding that the forms provide consent to the use of any genetic material other than that specified therein, namely the embryos. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1234 (9th Cir. 2013). Accordingly, Plaintiffs have not submitted written proof of Mr. Delzer's consent as required by Section 249.5.

4

*Vernoff v. Astrue*, 568 F.3d 1102, 1111 (9th Cir. 2009) (stating Section 249.5 provides intestacy rights to posthumously-conceived children "where it is *guaranteed* the decedent *consented to the procedure*." (emphases added)); *see also* Assem. Com. on Judiciary, California Bill Analysis, A.B. 1910 Assem., 5/04/2004 (stating that Section 249.5 "focuses on the intent of the decedent.").[4]

    **AFFIRMED.**

---

[4] Where we interpret a federal statute, "legislative history, even when clear, may not overcome or displace the textual mandate of a statute." *Powers v. Wells Fargo Bank NA*, 439 F.3d 1043, 1045 (9th Cir. 2006). Under California law, however, "[t]he courts must give statutes a reasonable construction which conforms to the apparent purpose and intention of the lawmakers." *Clean Air Constituency v. California State Air Resources Bd.*, 523 P.2d 617, 624 (Cal. 1974). Therefore, legislative materials are probative in this case.