Gail CRUM, Plaintiff–Appellant,

v.

CIRCUS CIRCUS ENTERPRISES; Circus Circus Casinos, Inc.; Circus Circus Hotel Casino, Inc., Defendants–Appellees.

No. 99–15638.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 2000

Filed Nov. 2, 2000

Geraldine Kirk–Hughes, Las Vegas, Nevada, for the appellant.

Morton R. Galane, Las Vegas, Nevada, for the appellees.

Before: D.W. NELSON, THOMPSON, and TROTT, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Gail Crum appeals the district court's judgment dismissing her diversity action against Circus Circus Enterprises, Inc., Circus Circus Casinos, Inc., and Circus Circus Hotel Casino, Inc. ("Circus Circus") for lack of subject matter jurisdiction. The district court dismissed the action on the ground that Crum's complaint did not allege that the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1332(a), and that amending the complaint to allege the required amount would be "merely colorable for the purpose of conferring jurisdiction." We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that it does not appear to a legal certainty that Crum's claim is for less than the jurisdictional amount. Accordingly, we reverse the district court's judgment.

## FACTS

Gail Crum filed a complaint in the district court against Circus Circus alleging that she was injured on the premises of the Circus Circus Hotel–Casino Theme Park in Las Vegas, Nevada. She alleged that while she was seated at a slot machine with her left hand draped over the back of the chair next to her, her left hand was

crushed by a change cart being pushed by a Circus Circus employee. Subject matter jurisdiction was based on diversity of citizenship.[1] The amount in controversy was alleged to exceed $50,000. The complaint further alleged that "the present amount of [Crum's] bills for medical services and treatment is in excess of $11,506;" that she was unable to continue her profession as a massage therapist; that she had been on disability for the past year; and that she faced a lifetime of pain and suffering with unspecified future medical expenses.

Circus Circus filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the complaint failed to allege an amount in controversy in excess of $75,000 as required by 28 U.S.C. § 1332(a). Circus Circus did not dispute diversity of citizenship.

In response to the motion to dismiss, Crum submitted a proposed amended complaint which alleged that the amount in controversy exceeded $75,000.[2] The amended complaint also updated the amount of Crum's bills for medical services and treatment to $13,000; added an allegation that her future medical expenses would exceed $36,000; and estimated her loss of income to be $100,000.[3]

The district court dismissed Crum's action for lack of subject matter jurisdiction. Citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90, 58

S.Ct. 586, 82 L.Ed. 845 (1938), the district court stated that it was "satisfied that an amendment to plaintiff's complaint to allege the jurisdictional amount would be merely colorable for the purpose of conferring jurisdiction." The court added that "[e]specially suspicious in this regard is the representation in plaintiff's opposition that her special damages, alleged in the complaint as $11,506, can now be estimated at $36,000. It is fatally inconsistent with the following statement of plaintiff's counsel, made [in a written settlement demand] just nine days before the complaint was filed: 'Please be advised that my client, Ms. Crum, has now completed her medical treatment and rehabilitation for the above captioned accident.'"[4] This appeal followed.

## DISCUSSION

### A. Standard of Review

 We review de novo a district court's dismissal for lack of subject matter jurisdiction. *See Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir.1997). We review for clear error the district court's findings of fact relevant to its determination of subject matter jurisdiction. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir.1994).

1. Crum alleges that she is a citizen of California and that the Circus Circus defendants are Nevada corporations.

2. 28 U.S.C. § 1332(a) was amended in 1996 to increase the required amount in controversy from $50,000.01 to $75,000.01. *See Dardovitch v. Haltzman*, 190 F.3d 125, 135 n. 4 (3d Cir.1999) (citing Pub.L. No. 104–317, 110 Stat. 3850 (1996)). The amendment took effect in January 1997. *See id.* Crum filed her complaint on February 27, 1998. Crum's counsel states she failed to make changes to the stock paragraphs and forms she uses for routine pleadings, and as a result the original complaint failed to allege that Crum's damages met the higher jurisdictional amount required by the amendment.

3. Crum proceeded under the mistaken belief that leave of court was required under Fed.

R.Civ.P. 15(a) to amend her complaint. Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." The defendants did not file an answer. Instead, the defendants filed a motion to dismiss. A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15. *See Tahoe–Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764, 788 (9th Cir.2000). Accordingly, Crum did not need to obtain leave of court to file her amended complaint.

4. The settlement demand was submitted by the defendants in its reply to Crum's request to amend her complaint. The demand was for $300,000.

## B. Amount in Controversy

■ District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Generally, the amount in controversy is determined from the face of the pleadings. *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986). The sum claimed by the plaintiff controls so long as the claim is made in good faith. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288, 58 S.Ct. 586. "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Budget Rent–A–Car*, 109 F.3d at 1473 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. 586).

■ It does not appear to a legal certainty that Crum's claim is really for less than the jurisdictional amount. Crum's amended complaint alleges that she has incurred in excess of $13,000 in bills for medical services and treatment; that she is unable to continue with her profession as a massage therapist and has been on disability for the last year; that her lost income is estimated to be in excess of $100,000; that she has estimated future medical expenses in excess of $36,000; and that her injuries will cause a lifetime of pain and suffering. Based on these allegations, it does not appear legally certain that Crum cannot recover more than $75,-000. *See* 28 U.S.C. § 1332(a).

The district court determined that amendment of Crum's complaint to allege the proper jurisdictional amount "would be colorable merely for the purpose of conferring jurisdiction." *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. 586 (stating that "if, from the proofs, the court is satisfied to [a legal certainty] that the plaintiff never was entitled to recover [the amount claimed], and that his claim was therefore colorable for the purpose of con-ferring jurisdiction, the suit will be dismissed"); *see also Pachinger*, 802 F.2d at 364 (stating that a defendant may secure a dismissal on the ground that it appears to a legal certainty that the claim is really for less than the jurisdictional amount when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction).

The district court found it suspicious that Crum's special damages were alleged in the original complaint to be $11,506, but are alleged in the amended complaint to be $36,000. The two sums, however, represent different types of damages. The $11,506 described in the original complaint represented the "present amount of the bills for medical services and treatment." The $36,000 described in the amended complaint represents Crum's estimate of her "future medical expenses for maintenance."

The district court also cited *LeBlanc v. Spector*, 378 F.Supp. 301, 307–08 (D.Conn. 1973), for the proposition that "amending a jurisdictionally defective complaint merely to raise the prayer above the jurisdictional amount may be independent evidence the amendment was colorable for the purpose of conferring jurisdiction." The *LeBlanc* opinion, however, is distinguishable. The plaintiff in *LeBlanc* alleged that his damages were exactly $10,000.[5] The court reasonably concluded that, absent a change in circumstances, amendment of this specific amount after a district court finding of a jurisdictional defect would provide evidence that the claim was inflated solely to exceed the jurisdictional threshold. *See id.* Here, by contrast, Crum did not place a specific dollar amount on her damages. Instead, the original complaint states only that Crum's damages exceed $50,000.

The district court stated that Crum's claim in her amended complaint of $36,000 for future medical expenses for maintenance was fatally inconsistent with a state-

---

5. At the time *LeBlanc* was decided, 28 U.S.C. § 1332 provided that the amount in contro-versy must exceed $10,000:

ment she made in her settlement demand that "Ms. Crum has now completed her medical treatment and rehabilitation for the above-captioned accident." We disagree. Crum persuasively argues that the statement in the demand letter was only "an introduction to the insurance adjuster that treatment had reached such a point that settlement can now be negotiated," not a concession that she would never have any future medical expenses related to her hand. Crum also points out that she alleged in her original complaint that her "injuries ... will cause continuous pain and suffering and need for future medical treatment."

We conclude that it does not appear to a legal certainty that Crum's claim is really for less than the jurisdictional amount of $75,000.01 required by 28 U.S.C. § 1332(a) (Supp. IV 1998). Accordingly, the district court's judgment dismissing the action is

**REVERSED.**