**Clarence Moses WILLIS,
Plaintiff–Appellant,**

v.

**James TINGEY, dba: Bettlejuice Pest
Control, Defendant–Appellee.**

No. 06–16499.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 11, 2007.

Clarence Moses Willis, Shasta Lake, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard N. Bates, Esq., Law Offices of Richard N. Bates, Redding, CA, for Defendant–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Clarence Moses Willis appeals pro se from the district court's judgment dismissing his action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir.2000), and we affirm.

The district court properly found no federal question jurisdiction because Willis' action, which alleged that defendant's pest control services and related conduct violated his constitutional rights, does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The district court also properly found that Willis failed to allege federal jurisdiction based on diversity of citizenship because both plaintiff and defendant are citizens of California. *See* 28 U.S.C. § 1332(a).

Under these circumstances, we agree that dismissal of the action, rather than amendment of the complaint, was the proper course. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.1988) (holding that if jurisdiction is lacking at the outset, the district court has no power to do anything other than to dismiss the action).

Willis' remaining contentions are not persuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.