**Allen L. WISDOM, Plaintiff—Appellant,**

v.

**Daniel E. KATZ, an individual; et al., Defendants—Appellees.**

**No. 07–56737.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Allen L. Wisdom, Idaho City, ID, pro se.

Bruce E. Disenhouse, Esq., Kinkle Rodiger & Spriggs, Riverside, CA, for Defendants–Appellees.

Jeffrey S. Mintz, Esq., Hemet, CA, for Richard T. Gilbert.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Allen Wisdom appeals pro se from the district court's judgment dismissing for failure to state a claim his federal claims brought under 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986, and 18 U.S.C. §§ 1961–64 (the Racketeer Influenced and Corrupt Organizations Act ("RICO")). Wisdom also appeals the district court's dismissal with-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

out prejudice of his various state law claims. We review de novo. *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004). We affirm in part, reverse in part, and remand for further proceedings.

Construing Wisdom's pro se complaint liberally,[1] he has failed to state a federal claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). In his § 1983 claim, Wisdom, in effect, asserts that his attorneys and the opposing parties who prevailed in state court proceedings conspired with the judge against him, as shown by the success of the opposing parties in the litigation. But mere victory or conclusory allegations that a judge conspired with law firms or individuals does not show conspiracy. *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir.1988); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."). When given an opportunity to amend his complaint, Wisdom chose not to. Dismissal was proper. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064–65 (9th Cir.2004).

For similar reasons, the district court did not err in dismissing Wisdom's conclusory conspiracy claims under section 1985. *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988). Nor did the district court err in dismissing his section 1986 claim. *Id.* Likewise, Wisdom fails to state a violation under RICO. *See Baumer v. Pachl*, 8 F.3d 1341, 1343–47 (9th Cir.1993).

---

1. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

We also conclude that the district court did not err in declining to exercise its supplemental jurisdiction over Wisdom's related state law claims. Although it could exercise supplemental jurisdiction,[2] it was not required to do so once it dismissed the federal claims. *McKinney v. Carey,* 311 F.3d 1198, 1201 n. 2 (9th Cir.2002); *see also* 28 U.S.C. § 1367(c).

The district court erred, however, in concluding that, to a legal certainty, Wisdom's complaint failed to allege an amount in controversy sufficient to sustain the district court's diversity jurisdiction. *Crum v. Circus Circus Enter.,* 231 F.3d 1129, 1131 (9th Cir.2000) (when a complaint sufficiently alleges the jurisdictional amount in controversy, the requirement is presumptively satisfied, unless it appears to a "legal certainty" that the plaintiff cannot recover that amount). There is no dispute that Wisdom's complaint itself states that the amount in controversy exceeds $75,000. In assessing whether the amount claimed was controlling, the district court added up the actual damage figures specified throughout Wisdom's complaint, and found that Wisdom claimed damages in the amount of $43,778.65. In so doing, the district court overlooked Wisdom's additional claims for punitive and consequential damages. We cannot conclude that the amount pled was deficient to a legal certainty. If on remand, the district court determines it has diversity jurisdiction, it should proceed to evaluate Wisdom's state law claims on the merits.

**AFFIRMED in part, REVERSED in part, and REMANDED for further pro-** ceedings. Each party shall bear its costs on appeal.

---

**2.** *See* 28 U.S.C. § 1367(a); *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

