**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD W. CALDARONE, | No. 14-17072 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00516-DKW-BMK |
| v. | |
| JOE OTTING; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

Richard W. Caldarone appeals pro se from the district court's judgment

dismissing his action alleging fraud and other claims. We have jurisdiction under

28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of

subject matter jurisdiction. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2000).  We affirm.

The district court properly dismissed Caldarone's action because Caldarone failed to establish federal subject matter jurisdiction over his claims.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (party asserting jurisdiction bears the burden of proving federal jurisdiction); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.").  Moreover, even assuming that Fannie Mae is a federal government actor for purposes of this action, Caldarone did not state a Fifth Amendment claim against Fannie Mae.

The district court did not abuse its discretion by denying Caldarone's motions for recusal because no facts support a conclusion that Judge Watson's and Judge Kurren's impartiality may reasonably be questioned.  *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and discussing grounds for recusal).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending motions are denied.

14-17072

**AFFIRMED.**