**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD W. CALDARONE,<br><br>          Plaintiff - Appellant,<br><br>v.<br><br>NEIL ABERCROMBIE; et al.,<br><br>          Defendants - Appellees. | No. 15-16190<br><br>D.C. No. 1:14-cv-00523-LEK-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 24, 2016[**]

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Richard W. Caldarone appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of a prior

state foreclosure proceeding involving his property.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2009) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed Caldarone's claims against defendants Abercrombie, Lopez, and Louie because they were entitled to Eleventh Amendment immunity. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages actions against state officials in their official capacity).

The district court properly dismissed Caldarone's claims against defendant Ibarra because he was entitled to judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

The district court properly dismissed Caldarone's claims against defendants Clay and Chapman because Caldarone failed to establish federal subject matter jurisdiction over his claims against them. *See* 28 U.S.C. §§ 1331, 1332(a)(1); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (discussing requirements for federal question jurisdiction under § 1331); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir.

2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (party asserting jurisdiction bears the burden of proving federal jurisdiction).

The district court did not abuse its discretion by denying Caldarone's motion for leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile).

The district court did not abuse its discretion by denying Caldarone's motions for recusal because no facts support a conclusion that Judge Kobayashi's impartiality may reasonably be questioned. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and discussing grounds for recusal).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Caldarone's motion to strike, for a jury trial, and for sanctions, filed on

December 7, 2015, is denied.

**AFFIRMED.**