**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEILA BILYEU, | No. 14-15350 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01484-DGC |
| v. | |
| COLLEEN ANN MYERS, as personal representative for LEO BERNARD MYERS[*]; et al., | MEMORANDUM[**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 13, 2016[***]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Sheila Bilyeu appeals pro se from the district court's judgment dismissing

---

[*]    Colleen Ann Myers has been substituted for Leo Bernard Myers under Fed. R. App. P. 43(a)(1).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her action alleging federal and state law claims arising out of post-divorce state court proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000) (dismissal for lack of subject matter jurisdiction); *Olsen v. Idaho State Bd of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (determination of immunity). We may affirm on any ground supported by the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998). We affirm.

The district court properly dismissed Bilyeu's damages claims against defendants Arizona Superior Court Judges Janice Crawford and Thomas L. LeClaire because they are entitled to judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Dismissal of Bilyeu's claims against defendant Maricopa County Superior Court was proper because the court is entitled to immunity under the Eleventh Amendment. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies[.]" (citation and internal quotation marks omitted)); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.

1987) (holding that "a suit against the [California] Superior Court is a suit against the State, barred by the [E]leventh [A]mendment").

Dismissal of Bilyeu's claims against defendants Leo Bernard Myers, Philip C. Gerard, and The Cavanagh Law Firm was proper because Bilyeu failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider issues and arguments incorporated by reference on appeal. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

We treat the notice of death of defendant Myers as a motion to substitute Colleen Ann Myers, personal representative of defendant Myers, under Fed. R. App. P. 43(a)(1), and grant the motion.

**AFFIRMED.**