**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUY MITCHELL AND BETTY J.
MITCHELL FAMILY TRUST, by and
through, Joseph S. Stanzak, as Trustee,

Plaintiff - Appellee,

v.

ARTISTS RIGHTS ENFORCEMENT
CORPORATION, a New York
Corporation,

Defendant - Appellant.

No. 14-35046

D.C. No. 2:11-cv-00024-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Argued and Submitted June 10, 2016
Seattle, Washington

Before: EBEL,[**] PAEZ, and BYBEE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiff-Appellee Guy Mitchell & Betty J. Mitchell Family Trust ("the Trust") sued Defendant-Appellant Artists Rights Enforcement Corporation ("AREC") for breach of contract stemming from AREC's alleged violation of a royalties agreement between the two parties. The district court held that it had diversity jurisdiction under 28 U.S.C. § 1332(a), and after a bench trial, determined that AREC had breached its contract with the Trust, that AREC's breach was material, and that AREC's breach justified rescinding the contract in full.

On appeal, AREC challenges the district court's determination that it had diversity jurisdiction over the Trust's suit, as well as its conclusion that AREC's breach of the royalties contract justified the contract's rescission. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the district court's decision to exercise diversity jurisdiction de novo and review "for clear error the district court's findings of fact relevant to its determination of subject matter jurisdiction." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). "We review the district court's findings of fact after a bench trial for clear error" and "review its conclusions of law de novo." *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011). For the reasons outlined below, we affirm.

2

1.  Federal courts have diversity jurisdiction over actions filed between "citizens of different States" so long as the party asserting jurisdiction alleges that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).  We use the "legal certainty" test to determine whether the amount-in-controversy requirement has been satisfied.  *See Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).  "Under this test, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'"  *Naffe*, 789 F.3d at 1040 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

Here, we cannot say—to a legal certainty—that the amount-in-controversy claimed by the Trust falls below the $75,000.01 threshold.  "[I]t is well established that the amount in controversy is measured by the value of the object of the litigation."  *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam) (internal quotation marks omitted).  In this suit, the "object of the litigation" was the parties' contract, which the Trust sought to rescind, and the contract's "value" was the share of future royalty payments that AREC stood to collect through that agreement.  Although the exact value of future royalty payments cannot be quantified precisely, in light of the fact that the

3

payments could accrue indefinitely, we cannot determine to a legal certainty that AREC's share of those future payments would fall short of the amount-in-controversy threshold. Accordingly, the district court properly found that it had diversity jurisdiction over the Trust's suit against AREC.

2. Substantial evidence supports the district court's finding that AREC materially breached its contract with the Trust.[1] A material breach is "a breach so significant [that] it excuses the other party's performance and justifies rescission of the contract." *Park Ave. Condo. Owners Ass'n v. Buchan Devs., LLC*, 71 P.3d 692, 698 (Wash. App. 2003). Whether a breach is material is a question of fact. *See 224 Westlake, LLC v. Engstrom Props., LLC*, 281 P.3d 693, 707 (Wash. App. 2012). Here, after a full bench trial, the district court found that "by withholding 100% more of the royalty payment than it was entitled to," AREC had "defeat[ed] the contract's very purpose" and "irreparably damaged the Trust's faith in AREC." The district court did not err by determining that AREC's actions amounted to a material breach of its contract with the Trust, and under Washington law, a material breach by one party justifies the full cancellation of the contract. As such, rescission of the parties' royalties agreement was a proper remedy.

---

[1] AREC does not contest that it breached its contract with the Trust and instead argues that its breach was not material.

**AFFIRMED.**