NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY DEAN JACKSON, | No. 15-15061 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01293-ESW |
| v. | |
| COUNTY OF MARICOPA; MARICOPA COUNTY SUPERIOR COURT, named as: Maricopa Superior Court, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding**

Submitted September 13, 2016***

Before:  HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Anthony Dean Jackson appeals pro se from the district court's judgment

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

***  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action alleging claims arising from defendants' allegedly wrongful conduct leading to his 1996 criminal conviction and defendants' continued recognition of that conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). We affirm.

The district court properly dismissed Jackson's action for lack of subject matter jurisdiction, because Jackson failed to allege facts sufficient to show that diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a)(1); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181-83 (9th Cir. 2004) (addressing diversity of citizenship under § 1332). Further, to the extent that Jackson alleged claims arising from constitutional errors by the Maricopa County Superior Court during his criminal prosecution, these claims are barred under the *Rooker-Feldman* doctrine because they constitute a "de facto appeal" of the criminal conviction or are "inextricably intertwined" with that conviction. *See Noel v. Hall*, 341 F.3d 1148, 1154-57 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine the state court's decision was wrong and thus void").

15-15061

We do not consider any claims that Jackson did not properly raise before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Jackson's motion for appointment of counsel, filed on December 18, 2015, and motions to dismiss, filed on March 11, 2016, and August 26, 2016, are denied. We lack jurisdiction to consider Jackson's motion under Fed. R. Civ. P. 60(3), filed on April 21, 2016. *See* 28 U.S.C. § 1257.

**AFFIRMED.**