FILED

SEP 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE SIMEON KING, | No. 14-55647 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-02648-JAH-WVG |
| HAZEL MARSHALL KING, | |
| Plaintiff, | MEMORANDUM* |
| v. | |
| BANK OF AMERICA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted September 13, 2016**

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Maurice Simeon King appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his 42 U.S.C. § 1983 action

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging an unlawful taking in violation of the Fifth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). We affirm.

The district court properly dismissed King's action because King failed to establish federal subject matter jurisdiction over his claim. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (party asserting jurisdiction bears the burden of proving federal jurisdiction); *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (Fifth Amendment only applies to the federal government); *see also Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (explaining that an action my be dismissed for lack of jurisdiction where the alleged federal claim clearly appears to be "wholly insubstantial and frivolous").

The district court did not abuse its discretion in denying King's motions for appointment of counsel because King failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

Because we affirm the district court's dismissal for lack of subject matter jurisdiction, we do not consider King's contentions regarding the merits of his claim.

We do not have jurisdiction over the portion of the judgment as to Hazel Marshall King because Hazel did not sign the notice of appeal. *See* Fed. R. App. P. 3(c)(2); Fed. R. App. P. 4(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (Rule 4(a) is both mandatory and jurisdictional); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney does not have authority to appear as an attorney for others).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

King's request for judicial notice, filed on July 22, 2014, is denied.

**AFFIRMED.**