NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID A. DARBY, | No.    15-35141 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05027-BHS |
| v. | |
| HANIF CHOHAN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 25, 2016[**]

Before:      LEAVY, GRABER, and CHRISTEN, Circuit Judges.

David A. Darby appeals pro se from the district court's judgment dismissing

his quiet title action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo the district court's dismissal for lack of subject matter jurisdiction.  *Crum v.*

*Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000).  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Darby's action for lack of subject matter jurisdiction because Darby failed to allege any violation of federal law or diversity of citizenship in his complaint. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Virginia v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) ("Federal land patents … do not provide [a basis] for federal question jurisdiction."); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181-83 (9th Cir. 2004) (addressing diversity of citizenship under § 1332).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Darby's contentions that the district court violated his due process rights are unpersuasive.

To the extent Darby's September 18, 2015, filing is directed to the court, it is denied.

**AFFIRMED.**