NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD P. KAKALIA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STATE OF HAWAII; DAVID Y. IGE, in his capacity of current Governor of The State of Hawaii, <br><br> Defendants-Appellees. | No. 19-55571 <br><br> D.C. No. 8:18-cv-02149-JLS-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, SILVERMAN, and PAEZ, Circuit Judges.

Edward P. Kakalia appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising out of the alleged improper taking of land in Hawaii. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Kakalia's action for lack of subject matter jurisdiction under the local action doctrine was proper because Kakalia's action concerned real property in Hawaii over which the district court in the Central District of California had no jurisdiction. *See Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 946-47 (9th Cir. 2014) (explaining that under the local action doctrine, district courts generally have exclusive jurisdiction over actions to recover title or possession of property in the forum where that property is located).

In light of our disposition, we do not consider the parties' remaining arguments regarding Eleventh Amendment immunity, the statute of limitations, and failure to state a claim.

The district court did not abuse its discretion by denying Kakalia leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend may be denied if amendment would be futile).

The district court did not abuse its discretion in denying Kakalia's motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)

(setting forth standard of review and factors for determining whether to enter default judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**