NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEO INDIA FILMS LTD., DBA
Einthusan.TV,

Plaintiff-Appellant,

v.

GODADDY.COM, LLC,

Defendant-Appellee.

No.   20-15494

D.C. No. 2:19-cv-04803-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 5, 2021
Phoenix, Arizona

Before: HAWKINS and BUMATAY, Circuit Judges, and CARDONE,[**] District
Judge.

Leo India Films Ltd. appeals the dismissal of its complaint against

GoDaddy.com, LLC, alleging claims of breach of contract, breach of the implied

covenant of good faith and fair dealing, and tortious interference and seeking

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

monetary and injunctive relief. The district court granted GoDaddy.com's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) after concluding that the amount in controversy did not exceed the $75,000 threshold for subject matter jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000), we vacate and remand.

For purposes of determining the amount in controversy in a diversity action, "[t]he sum claimed by the plaintiff controls so long as the claim is made in good faith." *Id.* at 1131. Dismissal under Rule 12(b)(1) is warranted if it appears to a "legal certainty" that the claim is actually for less than the jurisdictional amount. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). Here, the district court concluded that it was a legal certainty the amount in controversy did not exceed $75,000 because one of the operative agreements between the parties contains a limitation of liability clause capping damages at $10,000. When reaching this conclusion, it does not appear that the district court considered our decision in *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). We therefore vacate and remand to the district court for further consideration in light of *Geographic Expeditions*.

**VACATED AND REMANDED. Each party shall bear their own costs on appeal.**