NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IMMIGRATION SOLUTIONS, INC., Incorporated in Florida doing business as Sam Asbury, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JOSHUA C. STIFFLER, an Oregon resident, <br><br> Defendant-Appellee. | No.   22-35163 <br><br> D.C. No. 2:21-cv-01186-HL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Andrew D. Hallman, Magistrate Judge, Presiding

Submitted August 25, 2023[**]
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Plaintiff Immigration Solutions, Inc., appeals the district court's dismissal for lack of diversity jurisdiction and the court's denial of its motion for default judgment.  We have appellate jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)). To establish diversity jurisdiction, Immigration Solutions must show that the parties were citizens of different states "at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001) (indicating that the burden of establishing diversity jurisdiction belongs to the party asserting jurisdiction). Because there is no dispute that defendant Joshua Stiffler was a citizen of Oregon and Immigration Solutions was incorporated in Florida, the sole question for diversity of citizenship is whether Immigration Solutions carried its burden to show that it had its principal place of business somewhere other than Oregon at the time it filed its complaint. *See* 28 U.S.C. § 1332(c)(1).

A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," commonly referred to as "the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557–58 (9th Cir. 1987) (concluding that a corporation's principal place of business was where the "sole shareholder and director" "made business

2

decisions"). Immigration Solutions contends that its principal place of business at the time it filed its complaint was Tampa, Florida. However, Immigration Solutions cites to no specific evidence, apart from drafting the complaint for this matter, indicating that Immigration Solutions' activities were directed from Tampa between March 2019, when Immigration Solutions purchased the Oregon investment property, and August 2021, when it filed the complaint. Immigration Solutions also relies on the presence of Samuel Asbury, its president, in Tampa on July 22, 2021, at a meeting for the association that manages Immigration Solutions' office condominium. But Immigration Solutions fails to show that this meeting has anything to do with "direct[ing], control[ling], [or] coordinat[ing]" Immigration Solutions. *Hertz Corp.*, 559 U.S. at 92–93.

Instead, the specific evidence in the record of Asbury and Immigration Solutions' activities between March 2019 and August 2021, when this complaint was filed, suggests that Asbury spent much of that time in Oregon fixing up Immigration Solutions' investment property. Indeed, at the hearing before the magistrate judge, Asbury admitted that "one could reasonably conclude that" during the time leading up to the complaint, the record indicated that "the only corporate actions that were going on were … the work on the [investment property]" in Oregon.

The magistrate judge characterized the evidence that Immigration Solutions advanced for Florida citizenship as "broad, sweeping statements about general business activity from a time period spanning [Immigration Solutions'] creation in 2012 through 2021," and did not "find these broad and time-expansive generalizations convincing in establishing diversity between the parties at the time of filing." Instead, the magistrate judge found the location ambiguous. That finding is not clearly erroneous. *See Co-Efficient Energy Sys.*, 812 F.2d at 557 (stating the standard of review). Because Immigration Solutions failed to meet its burden of establishing diversity of citizenship between the parties, the magistrate judge did not err in concluding that it lacked subject matter jurisdiction over the matter.

Immigration Solutions additionally appeals the magistrate judge's denial of its motion for default judgment. But "[b]ecause we conclude the district court did not have diversity jurisdiction, our jurisdiction is 'not of the merits but merely for the purpose of [affirming] … the lower court in [not] entertaining the suit." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 993 (9th Cir. 1994) (quoting *United States v. Corrick*, 298 U.S. 435, 440 (1936)). It is immaterial that the motion to dismiss for lack of jurisdiction came after the motion for default judgment was denied, as federal courts "ha[ve] a duty to consider jurisdiction sua sponte" and may assess jurisdiction at any time in the course of a federal case. *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995).

4

**AFFIRMED.**