NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY OLSEN, | No. 23-35052 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00326-TOR |
| v. | |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Service, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted January 9, 2024**
San Francisco, California

Before: SILER,*** CLIFTON, and M. SMITH, Circuit Judges.

Appellant Jeremy Olsen uses a continuous glucose monitor (CGM) to assist

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

in the management of his Type I Diabetes. He is insured through Medicare Part B. Three of his once-denied claims for CGM supplies, which have since been approved and paid, are at issue in this appeal. But Olsen's appeal has much less to do with the substance of these claims and much more to do with his failure to establish that he was injured in fact. In dismissing Olsen's claims for lacking standing, the district court relied on documents which showed all of Olsen's claims had been paid. We review the district court's dismissal for lack of subject matter jurisdiction de novo and its finding of facts for clear error. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000). As the parties are familiar with the facts, we do not recount them here. We affirm the district court's dismissal.

1. Olsen has not established an injury in fact and, thus, lacks standing. To have standing, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact must be "actual or imminent" rather than "conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted).

Olsen has not suffered any injury in fact because, four months before Olsen filed suit for CMS's failure to pay his claims, CMS paid his claims. Olsen argues that CMS could, in the future, recoup the payment. "[A]llegations of *possible* future

2

injury are not sufficient" to establish standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotations omitted). But future injuries "may suffice [for standing] if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (internal quotations omitted).

Several bars stand between Olsen and recoupment. First, the district court in Olsen's first CGM-related suit required CMS to approve and pay for Olsen's CGM claims. *Olsen v. Cochran*, No. 2:20-cv-00374, 2021 WL 711469, at \*4 (E.D. Wash. Feb. 23, 2021). CMS complied and approved Olsen's claims in a binding revision. Second, CMS now covers CGMs, and would therefore have no reason to recoup the payment. *See* CMS-1738-R. And third, in the "highly unlikely" event that CMS were to reopen and deny Olsen's already-approved claims, he would have the opportunity to seek administrative and judicial review of those denials. *See* 42 C.F.R. § 405.984(g). Although Olsen repeatedly urges that he will be "financially liable," he does not elaborate on *how* he could be liable, when CMS already approved and paid his claims. Because recoupment of Olsen's approved claims is by no means "certainly impending," he has not suffered an injury in fact and does not have standing. *Susan B. Anthony List*, 573 U.S. at 158.

Since Olsen has not suffered any injury in fact, he also lacks standing to assert his due process claim. *See Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir.

3

2001) (concluding that plaintiff lacked standing to assert her due process claim since she failed to allege an injury).

2. Olsen next argues that the district court erroneously considered materials that should not have been included in the administrative record. He takes issue with two items: emails between CMS and its claims contractor concerning payment of Olsen's CGM claims and notice sent by the claims contractor to the CGM supplier confirming that Olsen's claims had been paid.

Whether these items were properly part of the administrative record is irrelevant. Courts can consider extra-record evidence to determine whether the plaintiff has standing. *See Northwest Env't Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1527-28 (9th Cir. 1997) ("Because Article III's standing requirement does not apply to agency proceedings, petitioners had no reason to include facts sufficient to establish standing as a part of the administrative record. We therefore consider the [extra-record] affidavits . . . to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction."). The materials the district court considered demonstrated that CMS paid Olsen's claims—therefore nullifying his alleged injury and, in turn, his standing. Since the district court properly considered these materials in determining that Olsen did not have standing, his argument fails.

**AFFIRMED.**

4