**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUKE DAVIS, JULIAN VARGAS, and AMERICAN COUNCIL OF THE BLIND, individually and on behalf of all others similarly situated, | No. 22-55873 |
| | D.C. No. 2:20-cv-00893-FMO-KS |
| Plaintiff-Appellee, | |
| | MEMORANDUM* |
| v. | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, d/b/a LABCORP, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted November 9, 2023
Pasadena, California

Before: FLETCHER and MENDOZA, Circuit Judges, and SCHREIER,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

On May 23, 2022, the district court certified two classes in the instant action: a California class under Federal Rule of Civil Procedure 23(b)(3) seeking damages under California's Unruh Civil Rights Act (Unruh Act); and a nationwide class seeking relief under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the Affordable Care Act. On June 13, 2022, the district court amended its class certification order to refine the class definitions. LabCorp filed an interlocutory appeal of the May 23 class-certification order under Rule 23(f), sua sponte challenging plaintiffs' Article III standing, as well as the propriety of the district court's certification order. We authorized the interlocutory appeal on September 22, 2022. We have jurisdiction under 28 U.S.C. § 1292(e) and Rule 23(f). Considering Article III standing de novo, *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000), and reviewing the district court's class-certification decision for abuse of discretion, *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1002 (9th Cir. 2018), we affirm.

1.      LabCorp argues that plaintiffs lack Article III standing for their Unruh Act claim because class representative Vargas, along with class members, did not experience a cognizable injury and were not concretely harmed. Although the district court did not directly address standing in either of its class-certification orders, "we have an independent duty to do so before turning to the merits." *Langer v. Kiser*, 57 F.4th 1085, 1091 (9th Cir. 2023). "To establish injury in fact, a

plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In the disability discrimination context, we have found that "it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). Instead, the plaintiff need only demonstrate that the barrier "interfere[s] with the plaintiff's 'full and equal enjoyment' of the facility." *Id.* (quoting 42 U.S.C. § 12182). Full and equal enjoyment requires "effective communication" with disabled individuals. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 906-07 (9th Cir. 2019); *see also* 28 C.F.R. § 36.303(c)(1).

Vargas established an injury sufficient to confer standing. Because a plaintiff must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation," *Lujan*, 504 U.S. at 561 (1992), we assess whether plaintiffs have demonstrated standing under a "preponderance of the evidence" standard, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022). Vargas contends that he entered a LabCorp facility and intended to check in using the kiosk but was unable to do so because the kiosk was not accessible to the blind. Instead, Vargas was forced to

3

wait until he was noticed by a staff member who aided him with check-in. As a result of the inaccessibility of the kiosk, Vargas was unable to immediately preserve his place in the patient queue, as sighted patients could, or to access any other kiosk features, such as the ability to privately alter account information. Thus, Vargas was denied effective communication and, by extension, the full and equal enjoyment of LabCorp's services. This injury is adequately concrete to convey Article III standing.

2.     The district court also did not abuse its discretion in certifying the Unruh Act class over LabCorp's objections to commonality, predominance, typicality, manageability, and superiority. To certify a class under Rule 23, plaintiffs must make two showings. First, plaintiffs must demonstrate commonality, numerosity, typicality, and adequacy of representation under Rule 23(a). "Second, the plaintiffs must show that the class fits into one of three categories." *Olean Wholesale Grocery Coop.*, 31 F.4th at 663. This case falls into the third category, which permits a class action if "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

LabCorp first challenges the district court's finding that common facts predominate the Unruh Act claim, arguing that the standing of each class member

4

requires "an individualized inquiry" into whether each class member has demonstrated "difficulty, discomfort, or embarrassment."  But difficulty, discomfort, or embarrassment are required to recover damages only in construction-related Unruh Act claims.  *See* Cal. Civ. Code § 55.56(c).  Because this case concerns effective communication and not construction, such a showing for each plaintiff is not required.  Nor is it required that each plaintiff suffer identical harm; rather, the relevant inquiry is whether class members were subject to the same injuring behavior.  *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir. 2017).  Because all class members maintain that their injury resulted from the inaccessibility of a LabCorp kiosk, the commonality requirement is satisfied.[1]

Based on the same findings, we also uphold the district court's holding that common questions predominate.  The district court identified six common issues, whose answers could determine key elements of the case.  Finding that these questions predominate is not an abuse of the district court's discretion.

Next, LabCorp challenges the typicality of Vargas's claim, arguing that his experiences and the experiences of class members "varied significantly."  Rule 23's typicality requirement, however, is a "permissive standard," satisfied when

---

[1] LabCorp's allegation that some potential class members may not have been injured does not defeat commonality at this time. *See Olean*, 31 F.4th at 668–69 (holding that Rule 23 permits "certification of a class that potentially includes more than a de minimus number of uninjured class members").

representative claims "are reasonably co-extensive with those of absent class members[.]" *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (quotations omitted). Representative claims "need not be substantially identical[]" to the claims of absent members. *Id.* Here, like the absent class members, Vargas is blind, tried to access LabCorp services, and was unable to do so using a kiosk. Thus, his claim is typical of the class, and the district court did not abuse its discretion in so finding.

Lastly, LabCorp challenges the superiority of class adjudication, as required by Rule 23(b)(3). Though four factors determine superiority under the Rule, LabCorp disputes only the fourth factor: the manageability of the class. Fed. R. Civ. P. 23(b)(3)(A)–(D). LabCorp contends that the class is unmanageable because there is no proposed way of identifying which persons visiting LabCorp stations are legally blind.[2]

As the district court found, "identifying class members would not be difficult" because "Labcorp knows how many patients checked in, and has

---

[2] Though LabCorp also argues that the $4,000 damages amount available under the Unruh Act is significant enough to weigh against superiority under Rule 23(b)(3), such concerns are typically adjudicated under the Rule 23(a) factors. But, even if we were to consider LabCorp's argument, we agree with the district court that the $4,000 statutory damage amount is a minimal sum that "would be dwarfed by the cost of litigating on an individual basis" in this case, given the complexity of the litigation. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

information on those patients from their provided ID and insurance." Though no specific method for identifying class members has been identified, claims administrators, auditing processes, and other techniques may be used to validate claims. And as the court managing the litigation process, the district court is best situated to determine its own capacity to oversee the location of class members.

3. The district court did not abuse its discretion in certifying the nationwide class based on its determination that a nationwide injunction could provide relief to all members. The district court certified the nationwide class under Rule 23(b)(2), which permits class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole[.]" LabCorp argues that no single injunction could provide relief to all class members, because not all blind people prefer the same accommodations. But the class members in this action were not injured by LabCorp's failure to meet their preferences; instead, all class members were injured by the complete inaccessibility of LabCorp kiosks for blind individuals. As the district court reasoned, by adding technological accommodations, the kiosks could be rendered accessible to the blind, thus addressing the injuries of the entire class. Although some class members may still prefer not to use the kiosks, providing them the

ability to make that choice in the first place relieves any current injury. The district court did not abuse its discretion in reaching the same conclusion.

4.    Lastly, we decline to address LabCorp's argument that the district court erred in certifying two fail-safe classes. LabCorp appeals only the district court's May 23 order, and not the revised class definitions in its June 13 order. Although LabCorp's argument references the refined definitions from the June 13 order, only the May 23 order was attached to LabCorp's interlocutory appeal, as is required by Federal Rule of Appellate Procedure 5. Further, LabCorp never attempted to amend or refile its interlocutory appeal to include the June 13 order. Therefore, LabCorp's argument is not properly before this court. *See Stockwell v. City and County of San Francisco*, 749 F.3d 1107, 1113 (9th Cir. 2014) ("We must police the bounds of our jurisdiction vigorously [concerning Rule 23(f) appeals] as elsewhere.")

**AFFIRMED.**