**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEOGRAPHIC EXPEDITIONS, INC.,
*Petitioner-Appellant,*

v.

THE ESTATE OF JASON LHOTKA BY
ELENA LHOTKA, executrix; SANDRA
MENEFEE,

*Respondents-Appellees.*

No. 09-15069

D.C. No.
3:08-cv-04624-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted
March 11, 2010—San Francisco, California

Filed March 31, 2010

Before: Betty B. Fletcher, Richard R. Clifton and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Rodney E. Gould, Rubin Hay & Gould P.C. for Geographic Expeditions, Inc., petitioner-appellant.

Daniel U. Smith, Law Office of Daniel U. Smith, David J. Bennion, Law Offices of David J. Bennion, for the Estate of Lhotka and Sandra Menefee, respondents-appellees.

---

**OPINION**

BEA, Circuit Judge:

Geographic Expeditions, Inc. ("GeoEx"), appeals the district court's dismissal of GeoEx's petition to compel arbitration for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). GeoEx contends subject matter jurisdiction exists under 28 U.S.C. § 1332(a), which provides federal jurisdiction over disputes between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of interest and costs. The district court held that GeoEx had to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000, and that, because a clause in the arbitration agreement limited damages to $16,831, GeoEx could not meet its burden. We conclude the district court erred both when it applied a preponderance of the evidence standard and when it held that the liability cap precludes federal jurisdiction. We therefore reverse and remand for further proceedings.

## I.   Factual and Procedural Background[1]

The underlying dispute in this case arose out of a series of events on Mount Kilimanjaro in October 2007. GeoEx, a California corporation with its principal place of business in San

---

[1]We take these facts from the First Amended Complaint, on file in the district court, and declarations filed in support of and in opposition to the motion to dismiss. All are part of our record. *See Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987) (quoting 5C C. Wright & A. Miller, *Federal Practice and Procedure*, § 1363, at 653-54 (1969)).

Francisco, leads guided expeditions for profit to various destinations throughout the world. Jason Lhotka, who was 37 years old, and his mother, Sandra Menefee, both citizens of Colorado, purchased tickets for a GeoEx expedition to Mount Kilimanjaro. As part of their registration for the trip, Lhotka and Menefee each signed a GeoEx trip participant contract, which included a provision requiring them to submit any dispute they might have with GeoEx to binding arbitration. The agreement further provided that the amount of recovery would be capped at "the sum of the land and air cost of my trip with GeoEx," which the parties agree is $16,831.[2]

The expedition began in Africa on September 29, 2007, and was to last until October 8, 2007. On October 1, Jason Lhotka began to suffer difficulty sleeping and experienced sudden onset of severe fatigue—early symptoms of high altitude sickness. On October 2, Jason Lhotka told the head expedition guide he needed to go back down the mountain because of his fatigue. He began his descent, accompanied by a GeoEx assistant guide. Although supplemental oxygen was available, it was not administered to Lhotka, nor was a rapid descent ordered, although such a route was also available. Both of these procedures are proper protocol for a person with high altitude sickness. On October 4, while descending the mountain, Lhotka died.

---

[2]The full text of the clause is:

> I agree that in the unlikely event a dispute of any kind arises between me and GeoEx, the following conditions apply: (a) the dispute will be submitted to a neutral third-party mediator in San Francisco, California, with both parties splitting equally the costs of such mediator. If the dispute cannot be resolved through mediation, then (b) the dispute will be submitted for binding arbitration to the American Arbitration Association in San Francisco, California; (c) the dispute will be governed by California law; and (d) the maximum amount of recovery to which I will be entitled under any and all circumstances will be the sum of the land and air cost of my trip with GeoEx. I agree that this is a fair and reasonable limitation on the damages, of any sort whatsoever, that I may suffer.

In July 2008, Lhotka's estate and his survivors filed suit in San Francisco Superior Court alleging, *inter alia*, that Lhotka's death from high altitude sickness was caused by the negligence of GeoEx employees in failing to recognize and treat Lhotka's symptoms. In accord with California Code of Civil Procedure § 425.10(b), the state court complaint did not specify the amount of damages sought. In September 2008, GeoEx filed with the state court a motion to compel arbitration pursuant to the parties' arbitration agreement. In December 2008, the state trial court denied GeoEx's motion to compel arbitration; it held the arbitration agreement unconscionable and thus unenforceable. GeoEx appealed, and, on January 29, 2010, the California Court of Appeal affirmed. GeoEx then filed a petition for review with the California Supreme Court, which is currently pending.[3] In October 2008—after filing in state court its motion to compel arbitration, but before the state trial court had ruled on the motion—GeoEx filed in federal district court the current petition to compel arbitration. The district court held that GeoEx had the burden to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000 and that, because of the contractual damages limitation, recovery was limited to $16,831. Because GeoEx could not carry its assigned burden of proof, the district court dismissed GeoEx's petition under Rule 12(b)(1) for

---

[3]Although the California Court of Appeal held the arbitration agreement to be unenforceable, that does not yet prevent the federal suit from proceeding. It is true that "federal courts are compelled by the 'full faith and credit' statute" to give the same collateral estoppel and res judicata effects to state court judgments as would the courts of that state. *Se. Res. Recovery Facility Auth. v. Montenay Int'l. Corp.*, 973 F.2d 711, 712 (9th Cir. 1992). However, the California Court of Appeal's judgment that the arbitration agreement is unenforceable is not yet final. Under California law, a judgment is not final for the purposes of collateral estoppel until it is free from the potential of a direct attack, i.e. until no further direct appeal can be taken. *Abelson v. Nat'l Union Fire Ins. Co.*, 35 Cal. Rptr. 2d 13, 19 (Ct. App. 1994). Here, the parties agree that the state court judgment is not yet final because GeoEx filed a petition for review in the California Supreme Court, which petition remains pending. Thus, this court can proceed on the merits.

lack of subject matter jurisdiction. This appeal from the order of dismissal timely followed.

## II.   Standard of Review

We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 (9th Cir. 2000).

## III.   Analysis

### A.   Burden of Proof

**[1]** The district court erred when it held GeoEx had to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000. GeoEx filed a petition to compel arbitration under § 4 of the Federal Arbitration Act ("FAA"). Section 4 provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. As the Supreme Court has explained, § 4 "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1271 (2009). Thus, a federal court has jurisdiction over a petition to compel arbitration if the federal court would have jurisdiction over the underlying substantive dispute—here the negligence action filed by Lhotka's estate and survivors. *See id.* at 1273.

**[2]** A federal court has jurisdiction over the underlying dispute if the suit is between citizens of different states,[4] and the amount in controversy exceeds $75,000 exclusive of interest and costs (i.e., diversity jurisdiction). 28 U.S.C. § 1332(a). Where the plaintiff originally files in federal court, "the amount in controversy is determined from the face of the pleadings." *Crum*, 231 F.3d at 1131 (9th Cir. 2000). The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute —controls so long as the claim is made in good faith. *Id.* "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation omitted). This is called the "legal certainty" standard, which means a federal court has subject matter jurisdiction unless "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

**[3]** On the other hand, in a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and "must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. This gives rise to a "strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Id.* For these reasons, "[w]e strictly construe the removal statute against removal jurisdiction." *Id.*[5]

---

[4]The parties concede this is a suit between citizens of different states.

[5]*See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ("The power reserved to the states under the Constitution to pro-

**[4]** Here, the district court cited *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)—a removal case—and held that, because Lhotka's estate did not specify damages in its state court complaint, GeoEx had the burden to prove the amount in controversy was satisfied by a preponderance of the evidence. This was error, however, because GeoEx did *not* remove the case from state to federal court and then file a motion to compel arbitration. Rather, GeoEx commenced an action in federal court by filing a petition to compel arbitration. Because a parallel action to compel arbitration commenced in federal court does not oust state court jurisdiction, the presumption against removal jurisdiction and attendant preponderance of the evidence standard, found in removal cases, do not apply.[6] Thus, we hold that the legal certainty standard applies when a party files a petition in federal court to compel arbitration, even when the opposing party is suing the federal petitioner in state court. Two other circuits have come to the same conclusion. *E.g.*, *Doctor's Assocs., Inc. v. Hamilton*, 150 F.3d 157 (2d Cir. 1998); *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213 (10th Cir. 2003).

---

vide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which [§ 1441] has defined."(internal quotation omitted)).

[6]Although the petitioner in a motion to compel arbitration is typically the defendant in the underlying substantive dispute, like the proponent of federal jurisdiction in a removal case, that does not mean the removal standard should apply in the non-removal context. When a case is removed to federal court, the federal court completely precludes the state court's authority to adjudicate the controversy. A petition filed in federal court to compel arbitration is much less intrusive on state court jurisdiction. In fact, as this case demonstrates, it does not preclude the state action from proceeding in any way. Thus the rationale for the higher burden of proof is absent.

**[5]** Under the legal certainty standard, the good faith allegations in GeoEx's petition as to the amount in controversy suffice to establish the jurisdictional amount unless it appears legally certain that the amount in dispute is $75,000 or less. Here, GeoEx's petition alleges that Lhotka's damages in the state court action are reasonably in excess of $75,000. GeoEx bases this allegation on the fact that Lhotka's state court complaint requests damages: (1) for the alleged wrongful death of Jason Lhotka, who was 37 years old at the time of the trip, was married, and had at least one dependant; (2) for loss of consortium for his wife and his son; (3) for fraud, misrepresentation, gross negligence, and intentional infliction of emotional distress; (4) for violations of California's consumer fraud statutes; and (5) for funeral, medical, and burial expenses. GeoEx alleged that, based on Lhotka's requests in state court, it "has a reasonable, good-faith belief that the damages exceed $75,000" even though the state court complaint does not specify an amount.[7] This allegation is sufficient to confer subject matter jurisdiction on a federal court because it is not legally certain the amount in controversy is $75,000 or less.

## B.   Potential Defenses

**[6]** GeoEx's potential defense to the state court action that the damages limitation restricts recovery to less than $75,000 (indeed, to $16,831) does not preclude federal jurisdiction. As the Supreme Court has explained, "the fact that the complaint discloses the existence of a valid defense to the claim" does not eliminate federal jurisdiction, nor do events "occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 289-90. This rule makes sense; just because a defendant might have a valid defense that will

---

[7]As is perhaps quite predictable, Lhotka does not claim GeoEx's allegation that the amount in controversy exceeds $75,000 is not made in good faith.

reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense.[8] Further, if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction. This rule applies even though GeoEx is asserting the potential defense, and at the same time seeking a federal forum based on diversity jurisdiction.

[7] Thus, the district court erred when it held the amount in controversy cannot exceed $16,831. The district court should not have relied on GeoEx's potential contractual defense to determine the amount in controversy. Because it does not appear to a legal certainty that the underlying amount in controversy is below $75,000, the district court erred when it dismissed for lack of subject matter jurisdiction GeoEx's petition to compel arbitration.

**REVERSED and REMANDED**

---

[8]Indeed, in the context of this case, the state court determined that the liability cap along with the rest of the arbitration agreement was unconscionable and therefore unenforceable.