FILED

NOT FOR PUBLICATION

DEC 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GREYSTONE NEVADA, LLC, a Delaware limited liability company; U.S. HOME CORPORATION, a Delaware corporation,<br><br>         Plaintiffs-Counter-Defendants - Appellants,<br><br>  v.<br><br>ANTHEM HIGHLANDS COMMUNITY ASSOCIATION; FIESTA PARK HOMEOWNERS' ASSOCIATION,<br><br>         Defendants-Counter-Claimants - Appellees. | No. 12-16768<br><br>D.C. Nos. 2:11 cv-1424 RCJ<br>         2:11 cv-1422 RCJ<br><br><br>MEMORANDUM[*] |
| GREYSTONE NEVADA, LLC, a Delaware limited liability company; U.S. HOME CORPORATION, a Delaware corporation,<br><br>         Plaintiffs-Counter-Defendants - Appellees,<br><br>  v. | No. 12-16769<br><br>D.C. Nos. 2:11 cv-1424 RCJ<br>         2:11 cv-1422 RCJ |

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ANTHEM HIGHLANDS COMMUNITY ASSOCIATION; FIESTA PARK HOMEOWNERS' ASSOCIATION,

Defendants-Counter-Claimants - Appellants,

v.

UPONOR, INC.; UPONOR NORTH AMERICA, INC.; UPONOR CORPORATION; UNITED PLUMBING, LLC; RCR PLUMBING; MECHANICAL, INC.; INTERSTATE PLUMBING; AIR CONDITIONING, LLC,

Third-Party-Defendants - Appellees.

Appeals from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted November 4, 2013
San Francisco, California

Before:     TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Greystone Nevada and U.S. Home Corporation ("Developers") appeal from the district court's adjudication of their claims to compel subsequent purchasers to arbitrate. Anthem Highlands and Fiesta Park Home Owner Associations ("HOAs") cross-appeal from the district court's judgment compelling arbitration

-2-

against original purchasers of homes constructed by the Developers. Both the Developers and HOAs moved for reconsideration, and the district court denied each motion. We have jurisdiction over the appeal under 9 U.S.C. § 16(a)(1)(B) and over the cross-appeal under 28 U.S.C. § 1291. We review dismissals, summary judgments, and orders compelling arbitration *de novo*. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004); *EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 746 (9th Cir. 2003) (en banc). We review an order denying a motion for reconsideration for abuse of discretion. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). We reverse in part, affirm in part, and remand.

1.     We conclude that the district court erred by effectively granting summary judgment against the Developers on their claims to compel subsequent purchasers to arbitrate. Although the court appears to have decided the issue as a matter of law in connection with the HOAs' motion to dismiss, the Developers pointed out that the issue was not fully briefed and, given the centrality of the issue to the litigation, they should have been afforded an opportunity to present evidence and argument. *See* Fed. R. Civ. P. 12(d); *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993); *Portland Retail Druggists Ass'n v. Kaiser Found. Health*

*Plan*, 662 F.2d 641, 645 (9th Cir. 1981). The Developers did not, for example, have an opportunity to present the Anthem Highlands covenants, conditions and restrictions ("CC&Rs"), which governed for some subsequent purchasers.

Because the record was not adequately developed, we reverse and remand for consideration of the parties' evidence and arguments. Although we need not reach the merits, we note that the California Supreme Court recently held enforceable arbitration clauses in analogous CC&Rs against an owners association that was not originally party to those CC&Rs. *See Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1231 (Cal. 2012). We also note that because "it appears . . . there is no controlling precedent in the decisions of the Supreme Court of [Nevada]" on this issue, Nev. R. App. P. 5, the district court may wish to consider certification of the question to the Nevada Supreme Court upon further development of the record.

**2.** On cross-appeal, we reject the HOAs' contentions and affirm the district court's judgment compelling arbitration against original purchasers.

First, even if the HOAs – who are defendants in the litigation below – lack standing to assert the homeowners' defect claims, that does not affect the district court's jurisdiction over the Developers' claims for declaratory relief, injunctive relief, and to compel arbitration. *Vaden v. Discover Bank*, 556 U.S. 49 (2009), and

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950), teach that federal question jurisdiction must be assessed with respect to the actual, underlying controversy between the parties, to ensure that the court does not exceed its jurisdiction by operation of the unique procedural remedies afforded by the Declaratory Judgment Act and the Federal Arbitration Act ("FAA"). *Vaden*, 556 U.S. at 66. But even assuming the same concern arises in diversity litigation, it is not implicated by standing, the failure of which is personal to the party and does not expand or contract the scope of the district court's general grant of jurisdiction. *Allen v. Wright*, 468 U.S. 737, 752 (1984) (standing turns on "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted").

Second, the amount in controversy in an action for injunctive and declaratory relief is determined "by the value of the object of the litigation," *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), and in actions to compel arbitration, by the value of the federal defendant's underlying substantive claims. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-08 (9th Cir. 2010). The HOAs' potential lack of standing does not preclude aggregation of the homeowners' claims for purposes of calculating the amount in controversy. To repeat, standing is personal to the party. *Allen*, 468 U.S. at 752. It does not affect the value of the object of the litigation or the value

of the underlying substantive claims in diversity actions for injunctive relief, declaratory relief, or to compel arbitration.

Third, the district court properly applied the FAA to the arbitration clauses in the homeowners' Purchase and Sale Agreements, because those agreements "evidenc[e] a transaction" – development by an out-of-state developer, construction by an out-of-state contractor, and the sale of homes assembled with out-of-state materials – "involving commerce." 9 U.S.C. § 2; *see also Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56-58 (2003) (per curiam); *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995).

Finally, the district court did not abuse its discretion by refusing to reconsider its entry of a "judgment" rather than an "order" compelling arbitration against the original purchasers. *See* 9 U.S.C. §§ 4, 9. The FAA does not preclude entry of a "judgment" against parties compelled to arbitrate, and in some places even uses the terms "judgment" and "order" interchangeably. *Id.* at § 9. The HOAs also fail to point to any statute or case law suggesting that the Developers would be precluded from recording the district court's decision were it to be styled an "order" rather than a "judgment," or that they are in any other way prejudiced. *See* Nev. Rev. Stat. § 17.150 (authorizing recordation of judicial "judgment" or

"decree"). The district court neither misinterpreted the FAA nor abused its discretion in denying the HOAs' motion for reconsideration.

•  ●  •

Accordingly, the district court's order granting summary judgment in favor of the HOAs on the Developers' claims against subsequent purchasers is reversed and remanded for further proceedings consistent with this disposition. The district court's judgment compelling arbitration of the original purchasers claims is affirmed. Each party shall bear its own costs on appeal.

**REVERSED and REMANDED in part, and AFFIRMED in part.**