NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE MUTASCU, | No. 16-56603 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07066-DDP-AFM |
| v. | |
| EMIL BOTEZATU, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1-10, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges

George Mutascu appeals pro se from the district court's judgment dismissing

---

&ast;     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for lack of subject matter jurisdiction his diversity action seeking damages for destruction of his property and intentional infliction of emotional distress. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We reverse and remand.

The district court concluded that Mutascu "failed to submit any evidence to satisfy his burden of showing that a punitive damages award could adequately increase the amount in controversy to meet the jurisdictional minimum." However, the district court applied an incorrect standard to evaluate the amount in controversy. *See* 28 U.S.C. § 1332(a); *Naffe*, 789 F.3d at 1039-40 (setting forth elements of diversity jurisdiction and explaining that the "legal certainty" test requires a "district court [to] accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less"); *see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (under the legal certainty test, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount" (citation and internal quotation marks omitted)). Because on the face of Mutascu's complaint, it cannot be determined to a legal certainty that the amount in controversy is $75,000 or less, we reverse the judgment and remand for further proceedings.

We do not consider matters not properly raised before the district court. *See*

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We deny Botezatu's requests for sanctions, a permanent restraining order, and for punitive damages, as set forth in his answering brief.

The parties shall bear their own costs on appeal.

**REVERSED and REMANDED.**

16-56603