H. Russel Holland, United States District Judge
Motion to Remand
Plaintiff moves to remand this case to state court.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.
Background
Plaintiff is John S. Dalby. Defendants are Ditech Financial, LLC and Federal National Mortgage Association (FNMA).
Plaintiff alleges that in 2007, he took out a home loan from Countrywide Bank and that this loan was memorialized by a Deed of Trust.[3] The Deed of Trust was allegedly thereafter assigned to Bank of America, then Green Tree Servicing LLC, and finally to Ditech in 2016.[4] Plaintiff alleges that the transfer to Ditech was without authority.[5] Plaintiff also alleges that he was not timely notified of the transfer from Countrywide to Bank of America or of the transfers to Green Tree and Ditech.[6]
Plaintiff alleges that in March 2016, "a foreclosure sale took place ... whereat Ditech allegedly took title to the home. Ditech subsequently issued a Special Warranty Deed transferring the property to FNMA."[7] Plaintiff alleges that "[a]s a result of this foreclosure, [he] lost title to his home wrongfully" because Ditech did not have the authority to foreclose on his home.[8]
Plaintiff commenced this action in state court on September 27, 2017. In his complaint, plaintiff asserts five counts. In Count I, plaintiff asserts an Alaska Unfair Trade Practices and Consumer Protection Act (UTPCPA) claim based on allegations that Ditech engaged in unfair debt collection practices.[9] In Count II, *1094 plaintiff asserts a UTPCPA claim based on allegations that "various servicers recorded documents in the public record that falsely claimed that they had the authority to transfer the beneficial rights under the DOT."[10] For Counts I and II, plaintiff seeks actual and/or statutory damages and also requests that the court rescind the foreclosure.[11] In Count III, plaintiff asserts a UTPCPA claim based on allegations that Ditech violated several mortgage servicing laws.[12] For Count III, plaintiff seeks "any applicable damages."[13] In Count IV, plaintiff asserts a quiet title claim against FNMA.[14] For relief on this claim, plaintiff requests that the court "rescind the foreclosure, restore title to [him], and determine what, if anything, remains of the mortgage."[15] In Count V, plaintiff asserts a breach of contract claim against Ditech.[16] For relief on this claim, plaintiff requests that the foreclosure be rescinded and the status quo restored.[17]
On November 1, 2017, defendants removed the action to this court based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1447(c), plaintiff now moves to remand. Plaintiff contends that the $75,000 amount in controversy has not been met.
Discussion
Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "A federal court has [diversity] jurisdiction over the underlying dispute if the suit is between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs...." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010). The amount in controversy is defined "as the 'amount at stake in the underlying litigation[.]' " Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005) ).
"In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint." Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1067 (D. Ariz. 2004). "The [c]ourt may also consider facts presented in the removal petition and 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " Id. (quoting Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ).
"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction," such as this one, "the proponent of federal jurisdiction-typically the defendant in the substantive dispute-has the burden to prove, by a preponderance of the evidence, that removal is proper. Geographic Expeditions, 599 F.3d at 1106-07. "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.' " Id. at 1107 (quoting *1095 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) ). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.' " Id. at 1107 (quoting Gaus, 980 F.2d at 566 ). "For these reasons, '[the court] strictly construe[s] the removal statute against removal jurisdiction.' " Id. (quoting Gaus, 980 F.2d at 566 ). "[A]ny doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).
Plaintiff argues that the amount in controversy has not been met here. First, as to damages, the UTPCPA provides that for each violation of the Act, a plaintiff may recover three times his actual damages or $500, whichever is greater. AS 45.50.531(a). Because he had little or no equity in his home,[18] plaintiff contends that he is seeking only de minimus damages. Plaintiff does not put a dollar value on these damages, but assuming that each UTPCPA count in plaintiff's complaint represents one violation, plaintiff's statutory UTPCPA damages would be $1500.
But plaintiff does not only seek damages. He is also seeking equitable relief. The amount in controversy includes "the cost of complying with an injunction[.]" Gonzales, 840 F.3d at 648-49.
"Generally, '[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' " Ortiz v. Seterus, Inc., Case No. LA CV16-01110 JAK (JEMx), 2016 WL 2968007, at *2 (C.D. Cal. May 18, 2016) (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ). Defendants argue that plaintiff's home is the object of the litigation and that the value of the home was somewhere between $170,000 and $180,500. The $170,000 value comes from Schedule A to plaintiff's bankruptcy petition that was filed in 2013.[19] The $180,500 is the original amount of the loan as listed in the Deed in the Trust.[20] Because the value of plaintiff's home exceeds $75,000, defendants argue that the amount in controversy has been met here.
However, courts "have recognized an exception" to the general rule set out above. Id. at *3. In cases "where it is not apparent from the face of the complaint that a plaintiff is seeking to prevent the ultimate sale of the subject property at a foreclosure sale[,] courts have concluded that the value of the property does not determine the amount in controversy." Id.
For example, "[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification." Vergara v. Wells Fargo Bank, N.A., 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original) (citing Cheng v. Wells Fargo Bank, N.A., 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010) ("[T]he primary relief sought by plaintiff is a temporary delay of the foreclosure proceedings, and the amount of the loan at issue would therefore not be a relevant measure of damages."); Vonderscher v. Green Tree Servicing, LLC, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount *1096 ... the amount in controversy is 'not properly gauged by the loan amount.' "); Landa v. Flagstar Bank, FSB, 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission") ); accord Lopez v. JPMorgan Chase Bank, N.A., 2016 WL 320105, at *3 (C.D. Cal. Jan. 25, 2016) ("Federal district courts recognize a narrow exception to the general rule governing the amount in controversy requirement for foreclosure actions: when there is no actual foreclosure pending, and the plaintiff seeks only to enjoin possible foreclosure proceedings, the value of the property or the loan is not the proper measure of the amount in controversy."); Quiroga v. Bank of Am., N.A., 2015 WL 4747978, at *3 (C.D. Cal. Aug. 10, 2015) (value of the property and amount due on loan were not appropriate measures of the amount in controversy where the plaintiff sought a loan modification and damages); Baskin v. Wells Fargo Bank, N.A., 2011 WL 5369123, at *2 (N.D. Cal. Nov. 7, 2011) ("[S]ince Plaintiffs are not seeking to rescind their mortgage, the amount in controversy is not properly gauged by the loan amount." (internal quotation marks omitted) ); Gaspar v. Wachovia Bank, 2011 WL 577416, at *4 (N.D. Cal. Feb. 9, 2011) (amount in controversy "not properly gauged by the loan amount" because "in her prayer for relief, Plaintiff limits her requested relief to a loan modification and actual and punitive damages. At bottom, Plaintiff does not seek rescission of the loan" (emphasis in original) ).
Id.
Defendants argue that the exception cannot apply here because plaintiff alleges in his complaint that he is seeking title to his home free and clear. Defendants cite to paragraph 23 of plaintiff's complaint which reads: "As a result of th[e] foreclosure, Mr. Dalby has lost title to his home wrongfully. The Court should rescind the foreclosure, restore title to Mr. Dalby, and determine what, if anything, remains of the mortgage debt."[21] Defendants argue that in this paragraph plaintiff is asking the court to strip FNMA of title to the property, grant him title, and eliminate some or all of the mortgage debt. Defendants argue that plaintiff is not merely asking for a temporary delay of foreclosure procedures or for a loan modification. Rather, according to defendants, plaintiff seeks to permanently unwind a completed foreclosure. By doing so, defendants contend that plaintiff has put the entire property and loan in controversy. Thus, defendants argue that it is proper to determine the amount in controversy by looking to the value of the property and the amount of indebtedness. See, Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (in a quiet title action in which the plaintiffs sought judgment that they were the owners of the subject property in fee simple and that the defendants had no rights or interests in the property, "the object in litigation is the Property, which was assessed at a value of more than $200,000").
Defendants are correct that plaintiff is not asking for a temporary delay of foreclosure procedures or for a loan modification. But, plaintiff is also not asking that defendants be permanently enjoined from foreclosing on his home. He does not "seek to enjoin foreclosure indefinitely as part of an effort to quiet title to the property or *1097 rescind [his] loan agreement[ ]." Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 776 (9th Cir. 2017). In such cases, the Ninth Circuit recently explained that it was proper to measure the amount in controversy by the value of the property or the amount of indebtedness on the property because "[w]hen a plaintiff seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property." Id. But here, even though plaintiff does state in paragraph 23 of his complaint that he wants the court to restore title to him, he never requests that the court restore title to him free and clear of the mortgage. Rather, in his complaint, plaintiff acknowledges that there would still be a mortgage on the property, and he asks the court to determine how much is still owed on the mortgage. Plaintiff has alleged that he was not credited for some loan payments he made and that he was wrongfully required to purchase additional property insurance through Bank of America.[22] His request that the court determine how much of the mortgage remains presumably has to do with these issues, as opposed to being a request to cancel the mortgage in its entirety.
Plaintiff does request that the foreclosure be rescinded. But, he does not request that defendants be enjoined from ever foreclosing on his home again or that his mortgage be canceled in its entirety. Thus, this case, as presently pleaded, falls within the exception to the general rule set out above. Because this case falls within the exception, it would not be proper to measure the cost of complying with plaintiff's request for equitable relief by looking to the value of the property or to the amount of indebtedness. Because these are not proper measures of the amount in controversy, defendants have failed to show that the amount in controversy has been met. Because defendants have not shown that the amount in controversy exceeds $75,000, removal was not proper.
Conclusion
Based on the foregoing, the motion to remand[23] is granted.

Docket No. 13.

Docket No. 17.

Complaint for Declaratory and Injunctive Relief and Damages at 2, ¶ 7, Exhibit A, Notice of Removal, Docket No. 1.

Id. at 3, ¶¶ 9, 11, 13.

Id. at 3-4, ¶¶ 13-14.

Id. at 4, ¶ 15; 5, ¶ 21.

Id. at 5, ¶ 22.

Id. at 5, ¶ 23.

Id. at 6, ¶¶ 24-25.

Id. at 6, ¶ 28.

Id. at 6, ¶¶ 26 and 29.

Id. at 6-7, ¶¶ 31-32.

Id. at 7, ¶ 34.

Id. at 7, ¶¶ 36-37.

Id. at 7, ¶ 38.

Id. at 7, ¶¶ 39-41.

Id. at 8, ¶ 43.

Declaration in Support of Plaintiff's Motion to Remand at 1, ¶ 2, Docket No. 15.

Exhibit C at 9, Notice of Removal, Docket No. 1.

Exhibit D at 2, Notice of Removal, Docket No. 1.

Complaint for Declaratory and Injunctive Relief and Damages at 5, ¶ 23, Exhibit A, Notice of Removal, Docket No. 1.

Complaint for Declaratory and Injunctive Relief and Damages at 4, ¶¶ 15-16, Exhibit A, Notice of Removal, Docket No. 1.

Docket No. 13.