**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  STEPHEN F. LOPEZ,<br><br>             Debtor,<br>_____<br><br>STEPHEN F. LOPEZ,<br><br>             Appellant,<br><br>   v.<br><br>VLADIMIR RAICEVIC, Trustee and<br>IMELDA RAICEVIC,<br><br>             Appellees. | No.    17-60018<br><br>BAP No. 15-1335<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Faris, and Yun, Bankruptcy Judges, Presiding

Argued and Submitted June 4, 2018
Pasadena, California

Before:  FERNANDEZ and CHRISTEN, Circuit Judges, and MARSHALL,[**]
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

Stephen Lopez appeals the decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit, which affirmed the bankruptcy court's determination that the Raicevics'[1] fraud judgment against Lopez, obtained in California state court, is a nondischargeable debt for money obtained by fraud. *See* 11 U.S.C. § 523(a)(2)(A). Lopez contends that the bankruptcy court erred in giving the state court judgment issue preclusive effect on the elements of fraud. We affirm.

Under California law,[2] a final judgment on the merits can preclude a party from relitigating issues actually litigated and necessarily decided by that judgment. *See Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123 (9th Cir. 2003). It is undisputed that Lopez was a party to the California state court proceedings, in which a final judgment was entered against him on the merits. It also cannot reasonably be disputed that the elements of fraud were actually litigated and necessarily decided by the judgment. Finally, the elements necessary to prove fraud under California law are identical to those necessary to prove nondischargeability under 11 U.S.C. § 523(a)(2)(A). *Compare Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 909 P.2d 981, 49 Cal. Rptr. 2d 377 (1996) *with Am. Express Travel Related Servs. Co. Inc. v. Hashemi (In re Hashemi)*, 104 F.3d 1122,

---

[1] Our use of the phrase "the Raicevics" in this disposition refers to Appellees Vladimir and Imelda Raicevic collectively.

[2] We look to California law in determining the issue preclusive effect of a California state court judgment. *See* 28 U.S.C. § 1738.

1125 (9th Cir. 1996). We accordingly conclude that issue preclusion was available.

Even where issue preclusion is available, later courts have discretion to decide whether applying issue preclusion in a given case will further the public policy underlying the doctrine. *See Lucido v. Superior Court*, 51 Cal. 3d 335, 342–43, 795 P.2d 1223, 272 Cal. Rptr. 767 (1990). The bankruptcy court recognized its discretion not to give preclusive effect to the state court judgment, but concluded that applying issue preclusion would further the public policy underlying the doctrine. In reaching this conclusion, the bankruptcy court identified the correct legal standard and applied it in a way that was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). We accordingly find no abuse of discretion in the bankruptcy court's decision to apply issue preclusion in this case.

Lopez contends that the California state court judgment is inconsistent with a later bankruptcy court judgment entered against the Raicevics, in which the bankruptcy court discharged the debt of Lopez's co-tortfeasor, Launi Travis, finding that the elements of fraud were not met. Lopez argues that, under the "last in time" rule, issue preclusive effect should have been given to the bankruptcy court judgment rather than the state court judgment. We disagree.

Assuming without deciding that the bankruptcy court judgment is the last-in-

17-60018

time judgment,[3] we nonetheless conclude that the bankruptcy court was correct to accord issue preclusive effect to the state court judgment rather than the bankruptcy court judgment. Lopez was not a party to Launi Travis's bankruptcy proceedings, and the Raicevics had no opportunity in those proceedings to assert the issue preclusive effect of the state court judgment against Lopez. Under similar circumstances, we have held that the earlier judgment should control notwithstanding the last-in-time rule. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 328 (9th Cir. 1988). As in *Robi*, the rationales underpinning the last-in-time rule "would be better served in [this] case by giving [preclusive] effect to the [state court] judgment, not to the [bankruptcy] judgment[]. The [state court] judgment is the last in time in which both [Lopez] and the [Raicevics] were parties. We can think of no rational reason to permit [Lopez] to avoid the … preclusive effect of the [state court] judgment by trying to draw issue preclusion from a subsequent case in which he was not involved." *Id.*

**AFFIRMED.**

---

[3] This assumption is questionable, as the state court judgment did not become final for purposes of issue preclusion until after the bankruptcy court judgment, due to differences in how finality is determined under state and federal law. *Compare Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1105 n.3 (9th Cir. 2010) *with Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993).