

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REPUBLIC BAG, INC., a California Corporation; ALPHA INDUSTRIES MANAGEMENT, INC., a Florida Corporation, <br><br>        Plaintiffs-Appellants, <br><br>  v. <br><br> BEAZLEY INSURANCE COMPANY, a Connecticut Corporation; DOES, 1 through 10, <br><br>        Defendants-Appellees. | No.   18-56467 <br><br> D.C. No. <br> 2:18-cv-06745-R-PJW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 5, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Republic Bag, Inc. and Alpha Industries Management, Inc. (collectively, "Appellants") appeal the district court's order denying their motion to remand and granting Defendant Beazley Insurance Company's ("Beazley") motion to dismiss. Because the parties are familiar with the facts, we need not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

We review de novo a district court's order denying a motion to remand for lack of federal subject matter jurisdiction, *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), and a district court's order granting a motion to dismiss, *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). All factual allegations in the complaint are taken as true and construed in the light most favorable to Appellants. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

I

The district court did not err in denying Appellants' motion to remand and exercising jurisdiction over the case. 28 U.S.C. § 1332(a) allows a district court to exercise jurisdiction in a civil case where, among other things, the amount in controversy exceeds $75,000. In a case such as this one, where the issue is "the

applicability of [a party's] liability coverage to a particular occurrence . . . , the amount in controversy is the value of the underlying potential tort action." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997). Because Beazley removed the action to federal court on the basis of diversity jurisdiction, it must show by a preponderance of the evidence that the value of the underlying action ("the *Cervantes* lawsuit") exceeds the jurisdictional minimum. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). As the *Cervantes* complaint does not allege a specific dollar amount, Beazley can satisfy this burden using evidence outside of the complaint. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

The district court did not err in holding that Beazley showed by a preponderance of the evidence that the value of the *Cervantes* lawsuit exceeds the jurisdictional minimum. First, Beazley produced evidence of jury verdicts far above the jurisdictional minimum in cases filed in California superior court with similar causes of action, including a $2.3 million verdict in a case against the same defendants alleging some of the same causes of action. The court could properly consider those verdicts. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Second, the *Cervantes* complaint alleged, *inter alia*, unlawful salary cuts beginning in 2011; denial of benefits, wages, and overtime; emotional and

3

psychological distress requiring treatment; and malice entitling the plaintiff to punitive damages. Together, these support the conclusion that the amount in controversy exceeds $75,000, even accounting for the insurance policy's self-insured retention provision. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (finding exercise of jurisdiction "supported" by complaint allegations).

## II

The district court erred in granting Beazley's motion to dismiss on the ground that the insurance policy's Pending and Prior Litigation Exclusion ("the Exclusion") barred coverage for the *Cervantes* lawsuit. At the motion to dismiss stage, all factual allegations are construed in the light most favorable to plaintiffs. *Lee*, 250 F.3d at 679. Moreover, exclusionary clauses in California insurance contracts are interpreted narrowly and against the insurer. *See Cont'l Cas. Co. v. City of Richmond*, 763 F.2d 1076, 1079 (9th Cir. 1985). "An insurer may rely on an exclusion to deny coverage only if it provides *conclusive evidence* demonstrating that the exclusion applies." *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 272 (Ct. App. 2002) (emphasis in original).

First, the Exclusion does not conclusively bar coverage for the *Cervantes* lawsuit based on that suit's connection to the *Garcia* action. Although some of the

4

allegations in the *Cervantes* complaint "aris[e] out of" or "involv[e]" the *Garcia* suit, others, such as the allegations of age discrimination and failure to prevent age-based discrimination, are unrelated. The insurance policy contains an express allocation provision, providing for situations like this where a claim may contain both covered and excluded matters. Interpreting the insurance policy to give effect to the allocation provision, *see ML Direct, Inc. v. TIG Specialty Ins. Co.*, 93 Cal. Rptr. 2d 846, 850 (Ct. App. 2000), we conclude that while some claims in the *Cervantes* lawsuit involve the *Garcia* action, that does not mean that coverage for the entire lawsuit is precluded.

Second, the Exclusion does not conclusively bar coverage for the *Cervantes* lawsuit based on that suit's connection to the complaint filed with California's Department of Fair Employment and Housing ("DFEH"). The term "proceeding" contained in the Exclusion is an ambiguous and "malleable" word, susceptible to more than one reasonable interpretation. *Recorder v. Comm'n on Judicial Performance*, 85 Cal. Rptr. 2d 56, 65 (Ct. App. 1999). Ambiguous words are construed against Beazley, the insurer, to protect the insured's reasonable expectations of coverage. *See ML Direct*, 93 Cal. Rptr. 2d at 850. Thus, at this stage, Beazley cannot conclusively show that the DFEH complaint constitutes a "proceeding" within the meaning of the Exclusion.

The parties shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART.**