**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL TERRY MAXWELL, | No. 19-16258 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-06121-NC |
| v. | |
| ROY KAYLOR, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted June 21, 2021[***]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Michael Terry Maxwell appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action alleging state law

claims arising out of a dispute regarding an interest in real property in California.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We reverse and remand.

The district court dismissed Maxwell's action because it determined that Maxwell failed to establish the amount in controversy required for diversity jurisdiction. However, the district court applied an incorrect standard to evaluate the amount in controversy. *See* 28 U.S.C. § 1332(a); *Naffe*, 789 F.3d at 1039-40 (setting forth elements of diversity jurisdiction and explaining that the "legal certainty" test requires a "district court [to] accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less"); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (under the legal certainty test, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount" (citation and internal quotation marks omitted)). We reverse the judgment, and remand for the district court to reevaluate the amount in controversy under the correct legal standard.

After this appeal was filed, the parties entered into a release agreement in a separate state court case between the parties relating to the subject real property. *See* Docket Entry No. 53. Kaylor argues that this release agreement has settled all claims in this action. The district court did not have the benefit of this release agreement when dismissing the case. On remand, the district court should consider

in the first instance the effect of the release agreement on Maxwell's claims in this action.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Kaylor's motion to take judicial notice (Docket Entry No. 53) is granted. All other pending motions are denied as unnecessary.

**REVERSED and REMANDED.**